UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO WOODIS, | 1:14-cv-00281-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (ECF No. 16.) |
| A. KING, et al., | |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Deno Woodis ("Plaintiff") is a civil detainee proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 19, 2014. (ECF No. 1.) The court screened the Complaint and issued findings and recommendations on June 25, 2014, to dismiss this case for failure to state a claim. (ECF No. 12.) Plaintiff did not file objections to the findings and recommendations.[1] On September 4, 2014, the undersigned adopted the findings and recommendations and dismissed this case. (ECF No. 14.)

On July 31, 2015, Plaintiff filed a motion for reconsideration of the order dismissing the case. (ECF No. 16.)

---

[1] On July 7, 2014, the findings and recommendations were returned to the court by the U.S. Postal service as undeliverable. Plaintiff did not notify the court of his new address until he filed the instant motion for reconsideration on July 31, 2015. Absent notice of a new address for Plaintiff, service at Plaintiff's prior address was fully effective. Local Rule 182(f).

1

II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 31, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   August 17, 2015                           _____
                                                                            SENIOR DISTRICT JUDGE